IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| NICOLE BROWN,              )<br>                                            )<br>       Plaintiff,                      )<br>v.                                        )<br>                                            )<br>MARKET SOLUTIONS GROUP, INC. )<br>d/b/a ZAVOR, and MACY'S         )<br>CORPORATE SERVICES, LLC,   )<br>                                            )<br>       Defendants.                   ) | Case No.: 2:22-cv-4593 |

## COMPLAINT

Plaintiff, NICOLE BROWN, by and through undersigned counsel, sues Defendants, MARKET SOLUTIONS GROUP, INC. d/b/a ZAVOR and MACY'S CORPORATE SERVICES, LLC, and alleges as follows:

**Parties, Jurisdiction, and Venue**

1. That Court has jurisdiction over the subject matter presented by this Complaint pursuant to 28 U.S.C. 1332 (a)(1) because the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and diversity of citizenship exists between the parties.

2. That at all material times to this Complaint, Plaintiff, NICOLE BROWN, was a citizen and resident of Weld County, CO.

3. That at all times material hereto, Defendant MARKET SOLUTIONS GROUP, INC. D/B/A ZAVOR ("ZAVOR") was and is a New Jersey corporation incorporated under the laws of the State of New Jersey, with its principal place of business in North Bergen, New Jersey.

4. Defendant ZAVOR is subject to the jurisdiction of this Court because it operates, conducts, engages in, or carries on a business or business venture within this State; caused injury to persons or property arising out of an act or omission it committed in the State; manufactures, processes or

services products or materials which are used within this State in the ordinary course of commerce, trade, or use; or engages in substantial and not isolated activity within this State.

5. That at all times material hereto, Defendant MACY'S CORPORATE SERVICES, LLC ("MACY'S") was and is an Ohio corporation incorporated under the laws of Ohio with its principal place of business in Springdale, Ohio.

6. Defendant MACY'S is subject to the jurisdiction of this Court because it operates, conducts, engages in, or carries on a business or business venture within this State; caused injury to persons or property arising out of an act or omission it committed in the State; manufactures, processes or services products or materials which are used within this State in the ordinary course of commerce, trade, or use; or engages in substantial and not isolated activity within this State.

7. Venue is proper under 28 U.S.C. § 1391 in that a substantial part of the events or omissions giving rise to the claim occurred in the State of New Jersey and Defendant, ZAVOR resides within the District of New Jersey's jurisdiction.

**Factual Background**

8. On or about September 2020, Plaintiff, NICOLE BROWN, was in lawful possession of a Case Essentials 9QT aluminum pressure cooker ("Pressure Cooker").

9. Upon information and belief, at all relevant times, Defendant ZAVOR is and was the designer, manufacturer, producer, distributor, vendor, seller of and/or marketing entity for the Pressure Cooker.

10. Upon information and belief, at all relevant times, Defendant MACY'S is and was the designer, manufacturer, producer, distributor, vendor, seller of and/or marketing entity for the Pressure Cooker.

11. Upon information and belief, at all relevant times, Defendants ZAVOR and/or MACY'S tested and inspected the Pressure Cooker in order to ensure that it was free from defects and safe for consumer use.

12. The Pressure Cooker is a kitchen appliance designed to be used for efficient preparation of food. The product is designed to prepare meals by cooking liquids inside a pot that produces steam, which is trapped inside of the Pressure Cooker to create pressure. The resulting temperatures produced are expected to cook meals more efficiently, while allegedly maintaining more nutrients than conventional cooking methods.

13. On or about September 12, 2020, Plaintiff was using the Pressure Cooker and followed instructions enclosed with the Pressure Cooker.

14. While using the Pressure Cooker to prepare a meal, it suddenly and without warning exploded, causing scalding hot liquid, contents, and steam to fly out of the Pressure Cooker and onto Plaintiff.

15. The Pressure Cooker had not been misused and had not been modified post-sale before it failed.

16. As a direct and proximate result of the explosion of the Pressure Cooker and the expulsion of scalding contents therefrom, Plaintiff suffered severely painful and disfiguring burns to the body, and resulting pain and suffering, disability, mental anguish, embarrassment and humiliation, loss of capacity for the enjoyment of life, and medical and nursing care and treatment. The injuries are either permanent or continuing in nature, and Plaintiff will suffer the losses and impairment in the future.

**COUNT I – VIOLATION OF THE NEW JERSEY PRODUCTS LIABILITY ACT N.J. Stat. § 2A:58C-1 et. seq. AGAINST ZAVOR**
**(Nicole Brown)**

17. Plaintiff realleges and readopts the allegations set forth in Paragraphs 1-16 as if fully set forth herein.

18. At all relevant times, Defendant ZAVOR was in the business of designing, manufacturing, inspecting, testing, distributing, selling and/or marketing pressure cookers and did design, manufacture, inspect, test, distribute, sell and/or market the Pressure Cooker giving rise to the subject Complaint.

19. The Pressure Cooker failed to perform in a manner reasonably expected in light of its nature

and intended function when it failed and caused severe injuries.

20. The Pressure Cooker had not been misused post-sale before it failed.

21. The Pressure Cooker was within its anticipated useful life when it failed.

22. The Pressure Cooker failure was such that would not have occurred in the absence of a defect or unreasonably dangerous condition within it.

23. Specifically, the Pressure Cooker was unreasonably dangerous and/or defective in that:

   a. it was dangerous to an extent beyond that which would be contemplated by the ordinary consumer who purchases and/or uses it, with the ordinary knowledge common to the community as to its characteristics; and/or

   b. a reasonably prudent manufacturer would not have put it on the market assuming that manufacturer knew of its dangerous condition.

24. Under the New Jersey Products Liability Act, ZAVOR is liable to Plaintiff for her injuries and damages for manufacturing, designing, assembling, marketing, selling, and/or distributing the subject pressure cooker that was unreasonably dangerous in construction, design, inadequate warnings, and/or because the subject pressure cooker did not conform the all implied and express warranties made by ZAVOR.

25. That unreasonably dangerous condition and/or defect proximately caused severely painful and disfiguring burns and other injury to Plaintiff, and resulting pain and suffering, disability, mental anguish, embarrassment and humiliation, loss of capacity for the enjoyment of life, and medical and nursing care and treatment.

26. Therefore, Defendant ZAVOR is liable to Plaintiff for the aforementioned injuries caused by the defective Pressure Cooker.

   **WHEREFORE**, Plaintiff, NICOLE BROWN, demands judgment against Defendant, MARKET SOLUTIONS GROUP, INC. d/b/a ZAVOR, for compensatory damages, court costs, and such other and additional relief as this Court may deem appropriate.

**COUNT II – VIOLATION OF THE NEW JERSEY PRODUCTS LIABILITY ACT N.J. Stat. § 2A:58C-1 et. seq. AGAINST MACY'S**
**(Nicole Brown)**

27. Plaintiff realleges and readopts the allegations set forth in Paragraphs 1-16 as if fully set forth herein.

28. At all relevant times, Defendant MACY'S was in the business of designing, manufacturing, inspecting, testing, distributing, selling and/or marketing pressure cookers and did design, manufacture, inspect, test, distribute, sell and/or market the Pressure Cooker giving rise to the subject Complaint.

29. The Pressure Cooker failed to perform in a manner reasonably expected in light of its nature and intended function when it failed and caused severe injuries.

30. The Pressure Cooker had not been misused post-sale before it failed.

31. The Pressure Cooker was within its anticipated useful life when it failed.

32. The Pressure Cooker failure was such that would not have occurred in the absence of a defect or unreasonably dangerous condition within it.

33. Specifically, the Pressure Cooker was unreasonably dangerous and/or defective in that:

   a. it was dangerous to an extent beyond that which would be contemplated by the ordinary consumer who purchases and/or uses it, with the ordinary knowledge common to the community as to its characteristics; and/or

   b. a reasonably prudent manufacturer would not have put it on the market assuming that manufacturer knew of its dangerous condition.

34. Under the New Jersey Products Liability Act, MACY'S is liable to Plaintiff for her injuries and damages for manufacturing, designing, assembling, marketing, selling, and/or distributing the subject pressure cooker that was unreasonably dangerous in construction, design, inadequate warnings, and/or because the subject pressure cooker did not conform the all implied and express warranties made by MACY'S.

35. That unreasonably dangerous condition and/or defect proximately caused severely painful and disfiguring burns and other injury to Plaintiff, and resulting pain and suffering, disability, mental anguish, embarrassment and humiliation, loss of capacity for the enjoyment of life, and medical and nursing care and treatment.

36. Therefore, Defendant MACY'S is liable to Plaintiff for the aforementioned injuries caused by the defective Pressure Cooker.

**WHEREFORE**, Plaintiff, NICOLE BROWN, demands judgment against Defendant, MACY'S CORPORATE SERVICES, LLC, for compensatory damages, court costs, and such other and additional relief as this Court may deem appropriate.

## DEMAND FOR TRIAL BY JURY

Plaintiff demands a jury trial for all issues so triable.

## PRAYER FOR RELIEF

Plaintiff demands judgment against all Defendants for both causes of action, seeking compensatory damages, interest, attorneys' fees, costs of suit, and any such other relief as the Court deems just and proper.

Signed on 07/18/2022.

**LAW OFFICES OF JASON TURCHIN**
Attorney for Plaintiff
2883 Executive Park Drive, Ste. 103
Weston, FL 33331
Telephone:   954-659-1605 x 222
Facsimile:   954-659-1380
Email: jason@victimaid.com

By: */s/ Jason Turchin, Esq.*

JASON TURCHIN, ESQ.
NJ Attorney ID No. 274822018